## R. HERSCHEL MFG. CO. v. GREAT STATES CORPORATION.

Circuit Court of Appeals, Seventh Circuit.
May 28, 1928.

No. 4001.

1. Patents ⊚═328—1,545,829, for revoluble mounting of wheel on stationary axle, held invalid for lack of invention.

Herschel patent, No. 1,545,839, for revoluble mounting of wheel on stationary axle, held invalid for lack of invention.

2. Patents ⊚═324(1)—One of two patents respecting which suit was dismissed held sufficiently before appellate court for use in determining anticipation as respects patent in suit.

Where suit on one of two patents involved in patent infringement suit was dismissed at beginning of hearing, but file wrapper of other patent, showing such patent, and enlarged reproduction of drawings thereof, were received in evidence as defendant's exhibits, held, that such patent was sufficiently before appellate court for purpose of being used in determining validity of patent in suit under the prior art.

Appeal from the District Court of the United States for the District of Indiana, Indianapolis Division.

Patent infringement suit by the R. Herschel Manufacturing Company against the Great States Corporation. From a decree dismissing plaintiff's bill, plaintiff appeals. Affirmed.

W. P. Hahn, of Indianapolis, Ind., for appellant.

H. A. Toulmin, of Dayton, Ohio, for appellee.

Before ALSCHULER, PAGE and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. The decree dismissed plaintiff's bill charging defendant with infringement of United States patent to Herschel, No. 1,545,829, June 14, 1925, for want of equity.

[1] The patent is for a wheel; specifically, the manner of its revoluble mounting upon a stationary axle. It shows a metal hub, around the inner end of which there is cut or cast a groove or channel, into which there is set a yoke, which is fastened to a frame securely keyed to the axle, whereby the wheel is held against lateral movement on the axle.

Another feature of the patent is a space in the hub, between the end of the axle and the outer wall of the hub, to constitute a reservoir for oil, which is supplied through a small hole in the center of the outer hub wall. While the wheel and its adjacent parts are shown with reference to their application to lawn mowers, in the manufacture of which plaintiff was largely engaged, the patent is to no extent limited to such application, but is, by its terms, applicable to wheels generally.

A number of patents in the prior art are shown, wherein the wheel is held against lateral motion on the axle by a pin or yoke or other device attached to the axle, and engaging a depression or slot or shoulder in or upon the hub of the wheel. Likewise there appear various contrivances wherein a space within the hub is employed as an oil reservoir for lubricating the bearing between the hub and the axle whereon it revolves. We will refer to only one of these, the patent to Farmer, No. 1,239,580, September 11, 1917 (application filed April 18, 1911). This shows a wheel attached to the axle in very much the same way. Instead of a channel cut or cast into the hub for receiving the retaining yoke, it shows a shoulder cast upon the hub over which the yoke is placed, and, when so placed, holding the wheel from lateral movement in practically the same manner.

In view of this structure, to say nothing of the various other more or less similar devices in the prior art, it was not a patentable advance to cut or cast the channel in the hub for receiving the yoke rather than to cast one or more shoulders on the hub for the same purpose. The Farmer patent likewise shows a space between the end of the axle and the outer wall of the hub, described in its claim 2 as affording "a receptacle for a lubricant," with a hole through the center of the hub wall through which the oil is supplied to the "receptacle."

[2] In the reply brief appellant's counsel urge the impropriety of any reference to this Farmer patent, because, as they state, the printed transcript does not show it, and makes no definite mention of its having been offered in evidence. It appears from the transcript that this patent, like that in issue, was owned by appellant, and that the suit was begun upon both the patents. The answer admitted issuance and assignment of the patents, and a stipulation in evidence admitted their issuance and agreed upon the use of copies thereof on the hearing. At the beginning of the hearing appellant dismissed its action as to the Farmer patent, but it appears that the file wrapper of the Herschel patent was received in evidence as a defendant's exhibit, and it was before us on the argument upon appeal. It shows this Farmer patent. Defendant's Exhibit T, which is an enlarged reproduction of the Farmer patent drawings, was also before us as a physical exhibit. We are satisfied that the Farmer patent is sufficiently before us.

It appears from the file wrapper that the Herschel patent was ultimately issued after rejection on the Farmer patent, largely upon representation that the latter was impracticable and could not be successfully used. The evidence indicates that up to the time of the hearing the Herschel patent had not yet been put into use by appellant, but that appellant's large and successful output of lawn mowers practically embodied this Farmer patent. We are satisfied that the original rejection of the Herschel application upon the Farmer patent should have been persisted in by the Patent Office, and that upon the disclosure of the Farmer patent alone the Herschel patent in issue does not show invention.

The decree of the District Court is affirmed.